[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10911
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20793-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEXIS FUENTES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 29, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Alexis Fuentes appeals his 71-month sentence, imposed after he pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). Fuentes contends that his sentence is procedurally and substantively unreasonable because the district court failed to articulate sufficient findings to support its length. His sentence fell at the top of the applicable 57–71 month Guidelines range.

We review a sentence imposed by a district court for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 128 S. Ct. 586 (2007). This Court will not reverse a district court so long as the district court's ruling does not constitute a clear error of judgment. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Ordinarily, we expect sentences within the recommended Guidelines range to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

The record here shows that Fuentes's argument is without merit. The district court correctly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) factors, and clearly articulated its reasoning for concluding that a sentence at the high-end of the Guidelines range was necessary to comply with the purposes of § 3553(a). Consequently, the district court did not abuse its discretion, and we affirm.

**AFFIRMED**